# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1839
_____

United States of America

*Plaintiff - Appellee*

v.

Justin Michael Cinkan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: March 9, 2020
Filed: May 27, 2020
[Unpublished]
_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury convicted Justin Michael Cinkan on two counts of a three-count indictment: conspiracy to manufacture a controlled substance near a protected location in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860(a); and possession of pseudoephedrine with reasonable cause to believe it would be used to manufacture

methamphetamine in violation of 21 U.S.C. § 841(c)(2).  At sentencing, the district court[1] applied a two-level enhancement based on Cinkan's role in the offense as an organizer, leader, manager, or supervisor under § 3B1.1(c) of the United States Sentencing Guidelines ("U.S.S.G.").  But, because Cinkan was a career offender facing a maximum 80-year sentence, his offense level was automatically increased from 31 to 34, resulting in an advisory sentencing range of 262 to 327 months.  The court granted Cinkan's request for a downward variance and sentenced him to concurrent 180-month terms of imprisonment.

Cinkan appeals, asserting that his acquittal on a different count necessarily means the jury found the evidence presented at trial was unreliable and not credible, and the court should not have considered it when determining whether a role enhancement under U.S.S.G. § 3B1.1 applied.  While we are dubious of Cinkan's argument, we need not resolve it because any legal error in applying the role enhancement is harmless since the court ultimately calculated a Guidelines range corresponding to Cinkan's career-offender status.[2]  See United States v. Wiggins, 747 F.3d 959, 963–64 (8th Cir. 2014) (concluding that any error in calculating drug quantity was harmless when the court found the defendant a career offender under the Guidelines).  We affirm.

———————————————————

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

[2]The career-offender offense level is tied to the applicable statutory maximum penalty.  U.S.S.G. § 4B1.1.